IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.   1:97CV00887 (DAR) |
| | ) | |
| KENNETH M. BRUNO | ) | |
| Defendant(s). | ) | |
| | ) | |
| | ) | |

MOTION TO RENEW JUDGMENT

The UNITED STATES OF AMERICA by and through its Attorney, Tracy A. Quinlan, moves this Honorable Court for an order, pursuant to 28 U.S.C. 3201, renewing the Government's judgment against the defendant, Kenneth M. Bruno:

1.   On June 13, 1997, a Default Judgment was entered against the defendant in The United States District Court for the District of Columbia in the amount of $1,413.65, plus accrued interest of $659.29 for a total judgment of $2,072.94, with interest on $1,413.65 from 12/30/1996 at 8.00% per annum, to date of judgment, and post judgment interest thereafter at the legal rate, until paid, plus attorney's fees of $531.68, plus collection costs of $185.50 (the filing fee of $150.00, plus process server fees of $35.50).   See Docket Entry #7.
The Defendant has paid a total of $1,825.00.   The balance due on the loan is $3,969.95 as of 07/14/2016.

2.   Title 28 U.S. C. 3201 (c) allows the United States to renew the judgment and lien for an additional 20-year period.   See subsection (2) under 28 U.S.C.:

"Such *a lien may be renewed for one additional period of 20 years upon filing a notice of renewal in same manner as the judgment is filed and shall relate back to the date the judgment is filed...*"

3.   The judgment lien has not expired.   The judgment was recorded at the District of Columbia Recorder of Deeds Office on August 8, 1997, under Document Number 9700012927.

4.   The judgment should be renewed until June 13, 2037.   See attachment, Exhibit C as guidance.

WHEREFORE, plaintiff prays that the judgment in the above case be renewed until June 13, 2037.


Respectfully submitted

/S/ Tracy A. Quinlan
_____
Tracy A. Quinlan, Bar No. 984608
Rosenthal Gormly, Chartered
Attorney for the United States of America
Suite 302
 5101 Wisconsin Ave., N.W.
Washington, DC   20016
Tel No. (202) 785-9773

Date: July 19, 2016

## POINTS AND AUTHORITIES

A.  Copy of Default Judgment, *See Exhibit A*.

B. Two pages from the U.S. Department of Justice's monograph on 28 U.S.C. 3201, *See Exhibit B.*

C. Memorandum of law and court Order on the same issue in a Utah Federal Court, *See Exhibit C*

D. Defendant's Payment History, *See Exhibit D*.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing

was mailed this 19th day of July, 2016 to:

Kenneth M. Bruno
1643 Lang Place., N.E.
Washington, DC 20002

/S/ Tracy A. Quinlan
_____
Tracy A. Quinlan

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Civil Action No.   1:97CV00887 DAR

UNITED STATES OF AMERICA,          )
                        Plaintiff,          )
                                                    )
                                                    )
v.                                                )
                                                    )
KENNETH M. BRUNO                     )
                        Defendant(s).  )
                                                    )

ORDER RENEWING JUDGMENT
AND LIEN

Upon motion of the United States of America, pursuant to 28 U.S.C. 3201 (c), to renew its judgment and lien for an additional 20 years, it is hereby ORDERED, that the judgment and lien in this case be and the same are hereby RENEWED until June 13, 2037.


_____
Deborah A. Robinson
United States Magistrate Judge


Dated: _____, 201__

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

UNITED STATES OF AMERICA

V.                                    C.A. NO.  1:97CV 887-AER

KENNETH M. BRUNO                            **FILED**

JUN 1 3 1997

### ORDER GRANTING DEFAULT JUDGMENT

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

Upon consideration of the unopposed application of the United States of America for a default judgment, including attorney's fees and other expenses, the Court will grant the default judgment requested.  Based on the matters set forth in the application and attachments thereto and the documents in the case file, the Court further concludes that the request of the United States for attorney's fees and the awarding of other costs is reasonable.

Accordingly, it is this the _____13ᵗʰ_____ day of _____June_____, 1997, ORDERED THAT:

1.  A default judgment be and it hereby is entered in favor of the United States of America against KENNETH M. BRUNO in the amount of $1413.65 plus accrued interest and other charges of $659.29 for a total judgment of $2072.94 with interest on $1413.65 from DECEMBER 30, 1996, at 8.00% per annum to the date of judgment, plus interest on $2072.94 at the legal rate (_5.88_ % per annum) from the date of judgment until paid; plus attorney's fees of $531.68 plus costs of collection of $185.50 (the filing fee of $150.00, plus private process server fees of $35.50).



EXHIBIT
**4**

2.    The United States is further awarded the costs of private process server fees incurred in serving post-judgment executions and discovery.   The Clerk shall tax them as costs.


UNITED STATES DISTRICT JUDGE


COPIES TO:


HERBERT A. ROSENTHAL, CHARTERED
1050 SEVENTEENTH ST., N.W., #1200
WASHINGTON, DC  20036-5576



KENNETH M. BRUNO
1643 LANG PLACE, NE
WASHINGTON, DC 20002


c:\dojforms\default.jud

*lien on real property only*   2845C

# SUBTITLE A – DEBT COLLECTION PROCEDURES

## SUBCHAPTER C-POSTJUDGMENT REMEDIES

°§ 3201.  Judgment liens

°(a)  CREATION.- A judgment in a civil action shall create a lien on all real property of a judgment debtor on filing a certified copy of the abstract of the judgment in the manner in which a notice of tax lien would be filed under paragraphs (1) and (2) of section 6323(f) of the Internal Revenue Code of 1986.  A lien created under this paragraph is for the amount necessary to satisfy the judgment, including costs and interest.

°(b)  PRIORITY OF LIEN.- A lien created under subsection (a) shall have priority over any other lien or encumbrance which is perfected later in time.

°(c)  DURATION OF LIEN; RENEWAL.- (1)  Except as provided in paragraph (2), a lien created under subsection (a) is effective, unless satisfied, for a period of 20 years.

°(2)  Such lien may be renewed for one additional period of 20 years upon filing a notice of renewal in the same manner as the judgment is filed and shall relate back to the date the judgment is filed to obtain the lien if-

°(A)  the notice of renewal is filed before the expiration of the 20-year period to prevent the expiration of the lien; and

°(B)  the court approves the renewal of such lien under this paragraph.

°(d)  RELEASE OF JUDGMENT LIEN.- A judgment lien shall be released on the filing of a satisfaction of judgment or release of lien in the same manner as the judgment is filed to obtain the lien.

°(e)  EFFECT OF LIEN ON ELIGIBILITY FOR FEDERAL GRANTS, LOANS, OR PROGRAMS.- A debtor who has a judgment lien against the debtor's property for a debt to the United States shall not be eligible to receive any grant or loan which is made, insured, guaranteed, or financed directly or indirectly by the United States or to receive funds directly from the Federal Government in any program, except funds to which the debtor is entitled as a beneficiary, until the judgment is paid in full or otherwise satisfied.  The agency of the United States that is responsible for such grants and loans may promulgate regulations to allow for the waiver of this restriction on eligibility for such grants, loans, and funds.

°(f)  SALE OF PROPERTY SUBJECT TO JUDGMENT LIEN.- (1)  On proper application to a court, the court may order the United States to sell, in accordance with sections 2001 and 2002, any real property subject to a judgment lien in effect under this section.

°(2)  This subsection shall not preclude the United States from using an execution sale pursuant to section 3203(g) to sell real property subject to a judgment lien.

---

## ANALYSIS

### SUBCHAPTER C-POSTJUDGMENT REMEDIES
### SECTION 3201.  Judgment lien

---

Section 3201.  Judgment lien

Under the Act, a judgment lien is created by the filing of an abstract of judgment in the manner in which a notice of Federal tax lien would be filed under 26 U.S.C. §§ 6323(f)(1) and (2).  The lien attaches to all of the debtor's real property and has priority over all subsequent liens.  The lien lasts for twenty years and may be renewed for an additional twenty-year period.  The lien is renewed upon filing a notice of renewal in the same manner as the judgment is filed and shall relate back to the date the judgment is filed if:  (A) the notice of



EXHIBIT

renewal is filed before the expiration of the twenty-year period to prevent the expiration of the lien; and (B) the court approves the renewal of such lien under this paragraph.  Often passive enforcement of the lien is preferable to seeking eviction and execution sale of the property.

An important new provision of the Act provides that if a judgment lien is not satisfied, the debtor may be ineligible for Federal grants, loans or program assistance other than subsistence programs.  Section 3201(e).

Criminal and tax judgment liens are created by other provisions of the United States Code.  Pursuant to 18 U.S.C. § 3565(h) and § 3613(b), criminal judgment liens last twenty years.  Tax judgment liens are controlled by the provisions of 26 U.S.C. § 6322.

CARLIE CHRISTENSEN, Acting United States Attorney (#0633)
JARED C. BENNETT, Assistant United States Attorney (#9097)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111-1506
Telephone (801) 524-5682

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA, Assignee of STUDENT LOAN MARKETING ASSOCIATION, <br><br>　　　　　　Plaintiff, <br><br>　vs. <br><br>CRAIG P. GIFFORD, <br><br>　　　　　　Defendant. | UNITED STATES' MOTION FOR LIEN RENEWAL <br><br> Case No. 2:94MC00224-DS <br><br> Honorable David Sam |

---

Plaintiff United States of America (hereafter the "United States"), by and through its

counsel, Jared C. Bennett, Assistant United States Attorney, hereby moves this Court to approve

the renewal of the United States' lien against Defendant for the debt he owes.  As is more fully

explained in the accompanying Memorandum in Support of Plaintiff's Motion for an Order



EXHIBIT
C

Approving Judgment Lien Renewal, the United States is entitled to renewal of its judgment lien

pursuant to the provisions of the Federal Debt Collection Procedures Act, 28 U.S.C. § 3201(c).

DATED this 22d day of April, 2010.

CARLIE CHRISTENSEN
Acting United States Attorney

/s/ Jared C. Bennett
JARED C. BENNETT
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that I am an employee of the United States Attorney's Office for

the District of Utah and that a copy of the UNITED STATES' MOTION FOR AN ORDER

APPROVING JUDGMENT LIEN RENEWAL AND MEMORANDUM IN SUPPORT

THEREOF, was served upon defendant by placing a copy of same in the United States mail,

postage prepaid, this 22d day of April, 2010, addressed as follows:

W. Kevin Jackson
Attorney for Defendant
311 South State Street, Suite 380
Salt Lake City, UT 84111-5215

/s/ Jared C. Bennett

CARLIE CHRISTENSEN, Acting United States Attorney (#0633)
JARED C. BENNETT, Assistant United States Attorney (#9097)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111-1506
Telephone (801) 524-5682

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Assignee of STUDENT LOAN MARKETING ASSOCIATION, | ) ) ) ) | MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION FOR AN ORDER APPROVING JUDGMENT LIEN RENEWAL |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 2:94MC00224-DS |
| CRAIG P. GIFFORD, | ) ) | Honorable David Sam |
| Defendant. | ) ) ) | |

---

The United States of America (hereafter the "United States") has moved for an Order

approving renewal of its judgment lien pursuant to 28 U.S.C. § 3201(c)(2)(B).

On April 23, 1990, Judgment was entered in the amount of $618,879.56 in favor of Student

Loan Marketing Association and against Craig P. Gifford (hereafter "Gifford"). A copy of the

Judgment is attached hereto as Exhibit "A." On June 13, 1990, the Student Loan Marketing

Association assigned the Judgment to the United States of America, who subsequently filed the

Judgment in the United States District Court on March 1, 1994, pursuant to 42 U.S.C. § 292f(h)(3).

Despite efforts on the part of the United States to execute on the Judgment, only $19,190.97 has been collected from Gifford. As of April 13, 2010, the balance due on the Judgment, including post-judgment interest, is $343,619.58.

On May 29, 1991, the Federal Debt Collection Procedures Act (hereafter "FDCPA") became effective for judgments entered after May 29, 1981. 28 U.S.C. § 3005. The FDCPA provides that judgment liens are effective, unless satisfied, for a period of 20 years. 28 U.S.C. § 3201(c). On October 5, 1998, the United States filed an Abstract of Judgment with the Salt Lake County Recorder, and on May 20, 2008, the United States filed an Abstract of Judgment with the Tarrant County Clerk, Fort Worth, TX, in order to register the judgment as liens.

The FDCPA also provides for renewal of a judgment lien "for one additional period of 20 years upon filing a notice of renewal in the same manner as the judgment is filed." 28 U.S.C. § 3201(c)(2). Such a renewal relates back to the date the judgment was filed if:

    (A)    the notice of renewal is filed before the expiration of the 20-year period to prevent the expiration of the lien; and

    (B)    The court approves the renewal of such lien under this paragraph.

28 U.S.C § 3201(c)(2).

The United States meets the first part of this requirement inasmuch as its judgment lien does not expire until April 23, 2010, and the United States filed its notice of renewal with the Salt Lake County Recorder on April 21, 2010 and with the Tarrant County Clerk, Fort Worth, Texas on April 22, 2010. Exhibits B and C. Pursuant to the provisions of the FDCPA, the United States is requesting that this court approve the renewal of its judgment lien against Gifford, thereby satisfying

the second part of the requirement. In this way, the United States' renewed lien will relate back to the date of the original judgment as contemplated by the FDCPA. Accordingly, the United States respectfully moves this court for an Order Approving Renewal of its Judgment Lien.

DATED this 22d day of April, 2010.

> CARLIE CHRISTENSEN
> Acting United States Attorney
>
> /s/ Jared C. Bennett
> JARED C. BENNETT
> Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that I am an employee of the United States Attorney's Office for the District of Utah and that a copy of the MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION FOR AN ORDER APPROVING JUDGMENT LIEN RENEWAL AND MEMORANDUM IN SUPPORT THEREOF and ORDER, were served upon defendant by placing a copy of same in the United States mail, postage prepaid, this 22d day of April, 2010, addressed as follows:

> W. Kevin Jackson
> Attorney for Defendant
> 311 South State Street, Suite 380
> Salt Lake City, UT 84111-5215

> /s/ Jared C. Bennett

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Assignee of STUDENT LOAN<br>MARKETING ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>CRAIG P. GIFFORD,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ORDER APPROVING RENEWAL OF<br>THE UNITED STATES' JUDGMENT<br>LIEN<br><br><br>Case No. 2:94MC00224-DS<br><br>Honorable David Sam |

Based on the United States' Motion and good cause appearing therefor,

THE COURT HEREBY APPROVES the renewal of the United States of America's

judgment lien against Craig P. Gifford in accordance with the provisions of the Federal Debt

Collection Procedure Act, 28 U.S.C. § 3201.

DATED this _____11th_____ day of ___May_____, 2010.

BY THE COURT:

_David Sam_____

David Sam, Senior Judge
United States District Court

Report Level: DC

United States Department of Justice
Consolidated Debt Collection System
Single Liability Payment History
For Report Parameters: 1997B02478 , 001 , 104913798

Report Date: 07/14/2016

PAYMENTS

DCS 1997B02478/001   Name BRUNO, KENNETH M.   Collect W   Court 1:97CV00   Priority
Type   Nbr 887 AER Code

Current Liability $3,969.95

| Seq Finance | Finance Code | Received Date | Payment Form | Received By Usao | Received From | Deposit Nbr | Check Nbr | Scheduled Payment Amount | Bop Deposit Nbr | Scheduled Payment Date | Posting Date | Current Liability | Payment Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 0036 | PMNT | 10/18/2004 | CC | | | | | | | | 10/26/2004 | | $25.00 |
| 0039 | PMNT | 11/17/2004 | CC | | | | | | | | 11/23/2004 | | $50.00 |
| 0042 | PMNT | 12/22/2004 | CC | | | | | | | | 12/28/2004 | | $50.00 |
| 0045 | PMNT | 02/04/2005 | CC | | | | | | | | 02/08/2005 | | $50.00 |
| 0048 | PMNT | 03/07/2005 | CC | | | | | | | | 03/14/2005 | | $50.00 |
| 0051 | PMNT | 04/04/2005 | CC | | | | | | | | 04/11/2005 | | $50.00 |
| 0054 | PMNT | 05/03/2005 | CC | | | | | | | | 05/11/2005 | | $50.00 |
| 0060 | PMNT | 06/15/2005 | CH | | | | | | | | 06/23/2005 | | $50.00 |
| 0062 | PMNT | 07/12/2005 | CR | | | | | | | | 07/14/2005 | | $50.00 |
| 0064 | PMNT | 08/17/2005 | CR | | | | | | | | 08/17/2005 | | $50.00 |
| 0066 | PMNT | 09/12/2005 | CR | | | | | | | | 09/14/2005 | | $50.00 |
| 0068 | PMNT | 10/11/2005 | CR | | | | | | | | 10/14/2005 | | $50.00 |
| 0070 | PMNT | 11/14/2005 | PC | | | | | | | | 11/15/2005 | | $50.00 |
| 0072 | PMNT | 01/20/2006 | PC | | | | | | | | 01/23/2006 | | $100.00 |
| 0074 | PMNT | 02/27/2006 | PC | | | | | | | | 02/28/2006 | | $50.00 |
| 0076 | PMNT | 04/25/2006 | PC | | | | | | | | 04/26/2006 | | $100.00 |
| 0078 | PMNT | 05/26/2006 | PC | | | | | | | | 05/30/2006 | | $50.00 |
| 0083 | PMNT | 07/24/2006 | PC | | | | | | | | 07/25/2006 | | $100.00 |
| 0085 | PMNT | 08/31/2006 | PC | | | | | | | | 09/01/2006 | | $100.00 |
| 0087 | PMNT | 09/30/2006 | PC | | | | | | | | 10/02/2006 | | $50.00 |
| 0089 | PMNT | 11/29/2006 | PC | Y | | | | | | | 11/30/2006 | | $100.00 |
| 0091 | PMNT | 01/24/2007 | PC | Y | | | | | | | 01/25/2007 | | $100.00 |
| 0093 | PMNT | 03/24/2007 | PC | Y | | | | | | | 03/26/2007 | | $100.00 |
| 0095 | PMNT | 05/22/2007 | PC | Y | | | | | | | 05/23/2007 | | $100.00 |
| 0100 | PMNT | 06/29/2007 | PC | Y | | | | | | | 07/02/2007 | | $50.00 |
| 0102 | PMNT | 09/06/2007 | PC | Y | | | | | | | 09/07/2007 | | $100.00 |
| 0104 | PMNT | 09/06/2007 | PC | Y | | | | | | | 09/11/2007 | | $100.00 |
| 0108 | PMNT | 11/08/2007 | PC | B | | | | | | | 11/13/2007 | | $50.00 |

Limited Official Use



EXHIBIT
A

United States Department of Justice
Consolidated Debt Collection System
Single Liability Payment History

For Report Parameters: 1997B024478 , 001   ,104913798

Report Level: DC

Report Date: 07/14/2016

| CDCS NBR | Name | Collect Type | Court Nbr | W Priority | 887 AER Code | Current Liability |
|---|---|---|---|---|---|---|
| 1997B024478/001 | BRUNO, KENNETH M. | | 1:97CV00 | | | $3,969.95 |

| Seq Nbr Finance Code | Finance Code | Received Date | Payment Form | Received By Usao | Received From | Deposit Nbr | Scheduled Payment Amount | Check Nbr | Scheduled Payment Date | Bop Deposit Nbr | Posting Date | Payment Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 000110 | PMNT | 12/06/2007 | PC | B | | | | | | | 12/20/2007 | $50.00 |
| 000112 | PMNT | 04/17/2008 | PC | B | Bruno,Kenneth | | | | | | 04/21/2008 | $50.00 |
| Total | | | | | | | | | | | | $1,825.00 |

Limited Official Use